IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

O'DELL CORNELIUS TYLER,  )
    Petitioner,  )
)    Civil Action No. 7:17-cv-00317
v.  )
)    By: Elizabeth K. Dillon
HAROLD CLARKE,  )        United States District Judge
    Respondent.  )

**MEMORANDUM OPINION**

O'Dell Cornelius Tyler, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Culpeper County Circuit Court. Respondent filed a motion to dismiss, and Tyler responded, making the matter ripe for disposition. Having reviewed the record, the court concludes that the motion to dismiss must be granted.

I.  BACKGROUND

On June 22, 2012, a jury convicted Tyler of possessing cocaine with the intent to sell it and discharging a firearm in a public place.[1] The trial court fined Tyler six thousand dollars and sentenced him to an active term of seven years in prison plus ninety days in jail. Before trial, the grand jury had refused to indict Tyler on two counts of unlawfully and feloniously shooting at an occupied building or dwelling house, one count of assault and battery, and one count of possessing a firearm as a violent felon. The trial court *nolle prossed* the unindicted charges at Tyler's arraignment hearing.[2] Tyler's direct appeals were unsuccessful, and he timely filed a petition for a writ of habeas corpus in the Culpeper County Circuit Court. The trial court

---

[1] The jury acquitted Tyler of marijuana possession and reckless handling of a firearm.

[2] On the date of the trial, the court also *nolle prossed* an additional charge of cocaine possession.

dismissed his petition, concluding that his ineffective assistance of counsel claims did not satisfy either prong of the test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1986). Tyler appealed, but the Supreme Court of Virginia refused review. On June 29, 2017, Tyler filed the present petition, raising the same claims as in his state habeas petition.

## II. CLAIMS

Tyler alleges two multipart claims:

A. Trial counsel was ineffective for failing to: (1) communicate with Tyler; (2) investigate; (3) object to the admission of prejudicial evidence; and (4) make certain arguments to the jury; and

B. Appellate counsel was ineffective for: (1) failing to communicate with Tyler; (2) failing to raise a sufficiency argument regarding his firearm conviction in the Court of Appeals of Virginia; (3) inaccurately stating that the jury found Tyler not guilty of possessing a firearm; and (4) raising a sufficiency argument regarding his firearm conviction in the Supreme Court of Virginia.

Tyler's petition is timely, and all claims are properly exhausted.

## III. STANDARDS OF REVIEW

To obtain federal habeas relief, Tyler must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts review the merits of claims decided by the state courts under the deferential standard mandated by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA standard is "highly deferential" to both factual findings and legal conclusions, and the petitioner bears the burden of proof. *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *see also Williams v. Taylor*, 529 U.S. 362, 410 (2000) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.") (citing *Wright v. West*, 505 U.S. 277, 287 (1992)). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could agree on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (omitting internal quotations).

Under § 2254(d), "state-court decisions [must] be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Additionally, § 2254(d) "refers only to a 'decision,' which resulted from an 'adjudication,'" and does not "requir[e] a statement of reasons" by the state court. *Harrington*, 562 U.S. at 98. "In reviewing a habeas petition, federal courts must presume the correctness of a state court's factual determinations unless the habeas petitioner rebuts the presumption of correctness by clear and convincing evidence." *Green v. Johnson*, 515 F.3d 290, 299 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).

To state a constitutional claim for ineffective assistance, Tyler must satisfy the two-prong *Strickland* test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. at 686-87. When reviewing a

3

*Strickland* claim under the AEDPA, the court's review is "doubly" deferential, *Harrington*, 562 U.S. at 105, because a petitioner must overcome "a strong presumption" that counsel's tactical decisions during the representation were reasonably competent, *Strickland*, 466 U.S. at 689-90. The court may adjudge counsel's performance deficient only when a petitioner demonstrates that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 689-90.[3] Even if a petitioner can establish deficient performance under this high standard, relief is unavailable unless he also shows a "reasonable probability" that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* at 694-95. The court must deny relief if a petitioner fails to establish either of the *Strickland* prongs. *See Spencer v. Murray*, 18 F.3d 229, 232-33 (4th Cir. 1994).

Tyler also argues that appellate counsel was ineffective. The "right to effective assistance of counsel extends to require such assistance on direct appeal." *Bell v. Jarvis,* 236 F.3d 149, 164 (4th Cir. 2000) (en banc). Effective assistance "does not require the presentation of all issues on appeal that may have merit," *Lawrence v. Branker,* 517 F.3d 700, 709 (4th Cir. 2008), but counsel is presumed to have "decided which issues were most likely to afford relief," *Pruett v. Thompson,* 996 F.2d 1560, 1568 (4th Cir. 1993). However, "'only when ignored issues are clearly stronger than those presented'" should a federal habeas court find appellate counsel ineffective. *Smith v. Robbins,* 528 U.S. 259, 288 (2000) (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)).

IV. DISCUSSION

In Claim A(1), Tyler alleges that counsel was ineffective for failing to communicate with him. Specifically, he alleges that counsel only met with him once for one hour before trial and

---

[3] "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough*, 540 U.S. at 8.

4

that counsel's failure to communicate with Tyler caused counsel to be ill-prepared and resulted in the admission of prejudicial evidence by the Commonwealth. *See* Mem. in Supp. of Pet. ¶ 11, Dkt. No. 1-1. Tyler asserts that the Constitution and Rule 1.4[4] of the Virginia Rules of Professional Conduct require an attorney to visit a client more than once. On habeas review, the Culpeper County Circuit Court held that the claim failed to satisfy either prong of *Strickland*:

> At the threshold, "there is no established 'minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel.'" *Moody v. Polk*, 408 F.3d 141, 148 (4th Cir. 2005) (quoting *United States v. Olson*, 846 F.2d 1103, 1108 (7th Cir. 1988)).
> Moreover, trial counsel credibly avers that he met with Tyler multiple times while the case was pending in general district court, in addition to the one occasion on May 17, 2012, before trial in circuit court. Counsel further avers that Tyler told counsel that he had been dealing drugs on the night in question. Counsel avers that he discussed with Tyler the various reasons why a suppression motion would not be successful, including that Tyler was arrested on an outstanding warrant, the vehicle that was searched did not belong to him, and Tyler was on probation at the time pursuant to a plea agreement in which he had waived his Fourth Amendment rights. Counsel also discussed the Commonwealth's evidence, including copies of lab analysis reports, 911 recordings, and police reports. Finally, counsel relayed a plea offer that the Commonwealth had extended. The Court credits these assertions by counsel and rejects Tyler's self-serving claims to the contrary.

*Tyler v. Clarke*, No. CL15-337, slip op. at 5-6 (Va. Cir. Ct. July 8, 2016), Dkt. No. 14-7.

The court agrees with the circuit court's analysis. First, Tyler fails to demonstrate deficient performance because he admits that counsel met him at least once before trial and discussed the case and the plea agreement. Second, Tyler fails to demonstrate that, if counsel had visited or communicated with Tyler more often, the outcome of the proceeding would have been different. He does not proffer any factual or legal support for his allegation that counsel's failure to visit him more often resulted in the improper admission of prejudicial evidence.

---

[4] Rule 1.4 states: A lawyer shall: "keep a client reasonably informed about the status of a matter," "promptly comply with reasonable requests for information," "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation," and "inform the client of facts pertinent to the matter and of communications from another party that may significantly affect settlement or resolution of the matter." Va. Rules of Prof'l Conduct 1.4.

Furthermore, his assertion that, if granted an evidentiary hearing, he would present jail logs contradicting counsel's statements is unavailing because neither the constitution nor *Strickland* requires counsel to visit a client a specific number of times. *See Moody*, 408 F.3d at 148. Therefore, the state court's decision was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of facts, and the court will grant the motion to dismiss Claim A(1).

In Claim A(2), Tyler argues that counsel was ineffective for failing to investigate. Specifically, Tyler alleges that counsel mistakenly presented a plea agreement that had Tyler pleading guilty to all charges, including *nolle prossed* charges. He avers that "[t]he manner in which counsel handled the plea offer . . . undermines any reliability as effective counsel." Pet'r's Resp. ¶ 9, Dkt. No. 19. However, the circuit court credited counsel's affidavit and concluded that Claim A(2) failed to satisfy either *Strickland* prong because: (1) the Commonwealth provided counsel with full open-file discovery prior to trial as well as "all lab analysis reports, copies of 911 recordings, and police reports," (2) counsel reviewed the discovery materials on April 2, 2012, and (3) counsel discussed the plea offer and the case file with Tyler on May 17, 2012. *Tyler v. Clarke*, No. CL15-337, slip op. at 6. The court also found that "Tyler [] failed to proffer any evidence to show what additional information any further investigation would have revealed. Tyler's failure to proffer is fatal to his claim." *Id.*

The court agrees with the state court's conclusions. "[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) (citing *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990)). Tyler has not established what counsel would have discovered upon adequate investigation. Failure to proffer what

6

favorable evidence or testimony would have been discovered upon adequate investigation is fatal to Tyler's claim. *See id.* Therefore, the state court's decision was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of facts, and the court will grant the motion to dismiss as to Claim A(2).

In Claim A(3), Tyler contends that counsel was ineffective for failing to object or file a motion to suppress regarding prejudicial evidence. Tyler argues that the firearm, ATF report, and shell casings should not have been admitted because the grand jury refused to indict him and the trial court eventually *nolle prossed* the violent felon in possession of a firearm charge. Tyler states:

> The failure of counsel to object to the prejudicial evidence constituted a waiver of such objection, thus [Tyler] was prejudiced by the admission of such evidence into the record . . . The [firearm, ATF report, and bullets] evidence is clearly inadmissible, for if the grand jury did not find probable cause that [Tyler] possessed the firearm, there is no way that the prosecution can submit such evidence and infer that [Tyler] actually possessed the firearm in order to fire it . . . [because Tyler] was discharged from any action in the possession of a firearm charge.

Mem. in Supp. of Pet. ¶ 15. Tyler alleges that he has not provided any supporting law because his claim presents a novel issue. Tyler also rejects Respondent's reliance upon *Kovalaske v. Commonwealth*[5] as unfounded: "[I]f there was not probable cause to establish that [Tyler] actually possessed the weapon then the Commonwealth cannot prove the element of possession which is necessary to prove that he fired that particular weapon." Pet'r's Resp. ¶ 5.

The Culpeper County Circuit Court found the claim to be without merit because Tyler did not proffer "a good faith basis upon which counsel could have moved to suppress or otherwise

---

[5] In *Kovalaske*, the Court of Appeals of Virginia upheld an inconsistent verdict that resulted in a credit card fraud conviction but an acquittal on credit card theft. 692 S.E.2d 641, 646 (Va. Ct. App. 2010) ("Jury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense. Despite the apparent inconsistency of a verdict, courts may uphold inconsistent verdicts, provided that the evidence supports the verdict challenged on appeal.") (internal citations and quotation marks omitted).

7

could have objected to the admission into evidence of the firearm related evidence." *Tyler v. Clarke*, No. CL15-337, at 8. Further, the court determined:

> Tyler's argument is premised on a fundamental misunderstanding of the law. Contrary to Tyler's contention, a grand jury's decision not to indict a defendant on a specific charge does not prevent the Commonwealth from obtaining a conviction on a separate charge based on the same evidence. Virginia Code § 19.2-203 provides that, "[a]lthough a bill of indictment be returned not a true bill the same or another bill of indictment against the same person for the same offense may be sent to, and acted on, by the same or another grand jury." Accordingly, Virginia law "permits reindictment of the same accused on the same charge when a prior indictment is returned 'not a true bill,'" thus allowing "the prosecutor, once having failed to establish probable cause, to seek, perhaps armed with more or newly discovered evidence, another indictment on the same charge." *Moore v. Commonwealth*, 218 Va. 388, 394, 237 S.E.2d 187, 192 (1977). It necessarily follows that the Commonwealth may, as it did here, obtain an indictment and ultimately a conviction on a different charge based on the same evidence used to support a charge on which the grand jury refused to indict. Tyler has not proffered any case law to the contrary, nor can he.

*Id.* at 8-9. The court agrees with the state habeas court's analysis.

First, Tyler has not established that counsel's failure to object or file a suppression motion constituted deficient performance. Counsel had "full authority to manage the conduct of the trial," *Taylor v. Illinois*, 484 U.S. 400, 418 (1988), and "need not raise every possible claim to meet the constitutional standard of effectiveness," *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014). Counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success," *Mason*, 774 F.3d at 828, and "is not ineffective merely because he overlooks one strategy while vigilantly pursuing another," *Williams v. Kelly*, 816 F.2d 939, 950 (4th Cir. 1987). During trial, counsel effectively attacked the Commonwealth's evidence and testimony and also moved to suppress the evidence.

Second, Tyler cannot demonstrate that, but for counsel's failure to object or file a suppression motion regarding the prejudicial evidence, that the outcome of the proceeding would have been different. A Virginia court may exclude relevant evidence if: " (a) the probative value

8

of the evidence is substantially outweighed by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing or misleading the trier of fact; or (b) the evidence is needlessly cumulative." Va. R. Evid. 2:403. However, "the mere fact that evidence is highly prejudicial to a party's claim or defense is not a proper consideration in applying the balancing test." *Lee v. Spoden*, 776 S.E.2d 798, 807 (Va. 2015). Instead,

> [t]he term unfair prejudice, as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged . . . Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

*Old Chief v. United States*, 519 U.S. 172, 180 (1997) (construing Fed. R. Civ. P. 403) (internal quotation marks and citations omitted); *see also Lee*, 776 S.E.2d at 807 (asserting that Fed R. Civ. P. 403 is the federal analogue to Va. R. Evid. 2:403). Here, the firearm evidence was extremely prejudicial to Tyler's defense, but its introduction did not implicate any danger of *unfair* prejudice. In order to prove that Tyler discharged a firearm in a public place, the Commonwealth had to show that Tyler had possessed and fired a gun. The Commonwealth satisfied that requirement by proffering the pistol that police discovered beneath the seat in front of Tyler, the ATF trace summary report, the bullet casings, and Tyler's positive test for gunshot residue.

Lastly, Tyler also appears to complain about the lack of direct evidence—specifically, that no witness testified to seeing Tyler possess or fire a gun. However, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 508 n.17 (1957). The Supreme Court "ha[s] never questioned the sufficiency of circumstantial evidence in support of a criminal conviction, even though proof beyond a reasonable doubt is required," *Desert Palace,*

9

*Inc. v. Costa*, 539 U.S. 90, 100 (2003) (citing *Holland v. United States*, 348 U.S. 121, 140 (1954)), because circumstantial evidence is "intrinsically no different from testimonial evidence," *Holland*, 348 U.S. at 140. The Culpeper County jury weighed the Commonwealth's circumstantial evidence and found it sufficient to convict Tyler.[6] Direct evidence was not necessary, and Tyler's conclusory allegations to the contrary have not demonstrated that no rational jury could have reached a verdict of guilty beyond a reasonable doubt. Therefore, the state court's adjudication was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of facts, and the court will grant the motion to dismiss as to Claim A(3).

In Claim A(4), Tyler avers that counsel was ineffective for failing to argue that the firearm possession charge was *nolle prossed* for lack of probable cause, that the police did not test one of the vehicle occupants for gunshot residue, and that the Commonwealth committed prosecutorial misconduct by questioning him regarding a *nolle prossed* charge.

On habeas review, the circuit court found the claim to be without merit:

> Here, the Court holds that counsel was not ineffective for failing to raise the two arguments Tyler proposes because counsel "vigilantly pursu[ed]" a reasonable trial strategy in defense of his client in closing argument. *See Williams*, 816 F.2d at 950; *Gentry*, 540 U.S. at 5-6. Counsel attacked the firearm charges by pointing out that no witnesses had testified that they had seen someone fire a gun, the shell casings were not found until the next day, the other two individuals in the vehicle with the firearm arguably testified in ways that undermined their credibility, those two individuals were alone in the vehicle with the firearm after Tyler was removed from the vehicle, and Tyler was wet—indicating that he had been outside in the rain—whereas the firearm was dry. Counsel also chose to spend the majority of his closing argument challenging the more serious charge of

---

[6] "Sufficiency-of-the evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt. This review should be independent of the jury's determination that evidence on another count was insufficient." *United States v. Powell*, 469 U.S. 57, 67 (1984) ("The Government must convince the [trial] jury with its proof, and must also satisfy the courts that given this proof the jury could rationally have reached a verdict of guilty beyond a reasonable doubt. We do not believe that further safeguards against jury irrationality are necessary.") (citations omitted). Although not specifically addressed in *Kovalaske* or *Powell*, a grand jury's refusal to indict, or a court's decision to *nolle prosequi*, is similarly independent of the question of sufficient evidence to support a conviction.

10

> possession with the intent to distribute a controlled substance. The Court finds that counsel's approach was reasonable and it reflects tactical decisions that lie solely within the province of counsel. *Williams*, 816 F.2d at 950; *Gentry*, 540 U.S. at 5-6.
>
> Moreover, for the reasons previously stated, the Court finds that counsel reasonably could have concluded that the grand jury's decision not to indict Tyler for possessing a firearm after having been convicted of a violent felony had little, if any, relevance to his guilt or innocence of the crimes charged. The Court further finds that counsel reasonably could have feared that highlighting the fact that one of the other individuals in the vehicle was not tested for gunshot residue could have backfired by, at least implicitly, reminding the jury that the police found gunshot residue on Tyler. Thus, the Court finds that counsel reasonably could have concluded that the approach Tyler proposes in his habeas petition had the "potential of being 'double-edged.'" *Prieto*, 286 Va. at 114, 748 S.E.2d at 107 (quoting *Lewis*, 274 Va. at 116, 645 S.E.2d at 505); *see also Strickland*, 466 U.S. at 699.

*Tyler v. Clarke*, No. CL15-337, slip op. at 12. The court agrees with the circuit court's analysis.

First, counsel's performance was not deficient. "Judicial review of a defense attorney's summation is [] highly deferential-and doubly deferential when conducted through the lens of federal habeas," *Yarborough*, 540 U.S. at 6, because "[t]he failure to put on [certain] evidence, or the presentation of evidence which then backfires, may equally expose counsel to collateral charges of ineffectiveness, *Bunch v. Thompson*, 949 F.2d 1354, 1364 (4th Cir. 1991). "The best course for a federal habeas court is to credit plausible strategic judgments in the trial of a state case." *Bunch*, 949 F.2d at 1364. As for closing arguments, counsel "should sharpen and clarify the issues for resolution by the trier of fact, but which issues to sharpen and how best to clarify them are questions with many reasonable answers." *Yarborough*, 540 U.S. at 6.

According to the record, counsel vigilantly attacked the firearm charge in several ways and addressed it in his closing argument. Furthermore, counsel's decision to spend the majority of his closing argument on the more serious drug possession charge is a rational tactical decision to which the court will defer. Likewise, counsel could have reasonably concluded that the grand jury's decision not to indict Tyler on a similar but separate criminal charge was mostly irrelevant

11

because the grand jury's decision had no bearing on the trial jury's verdict. The trial jury heard the Commonwealth's case, weighed the evidence, and, independent of the grand jury, determined that Tyler was guilty of the indicted firearm charge beyond a reasonable doubt. Also, counsel could have reasonably determined that bringing up law enforcement's failure to test one of the vehicle inhabitants for gunshot residue could have been double-edged evidence because it would have reminded the jury that Tyler had tested positive.

Lastly, Tyler has not demonstrated that counsel was ineffective for failing to argue prosecutorial misconduct. In his pleadings, Tyler argues that *Foster v. Barbour*, 462 F. Supp. 582 (W.D.N.C. 1978) controls. In *Foster*, the defendant was on trial for an attempted robbery that resulted in a death. During cross examination, the prosecutor repeatedly asked the defendant about his larceny and robbery "convictions." *Id.* at 585. The defendant had been arrested for the crimes, but the prosecutor knew that all of the charges had been *nolle prossed* or dismissed. The federal habeas court concluded that the prosecutor had acted in bad faith, and that, "[q]uestions about the robbery and larceny charges were especially prejudicial since they related to offenses similar to that involved in [the] trial." *Id.* at 585-86. Here, the grand jury failed to indict Tyler of being a violent felon in possession of a firearm, but they did indict him on public discharge of a firearm. Unlike in *Foster*, the prosecution never attempted to enter evidence or question Tyler regarding a *nolle prossed* charge; instead, the Commonwealth presented the firearm and related evidence to prove the elements of the indicted offense: that Tyler had publicly discharged a firearm. Therefore, the state court's decision was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of facts, and the court will grant the motion to dismiss as to Claim A(4).

12

In Claim B(1), Tyler alleges that appellate counsel failed to communicate with him because counsel only met him once after trial and never informed Tyler that an appeal would be frivolous. On habeas review, the Culpeper County Circuit Court determined that counsel's performance was not constitutionally deficient. First, the circuit court credited counsel's affidavit, which stated that counsel warned Tyler that counsel did not see a basis for appeal both during the trial and immediately after final sentencing. Additionally, the state court concluded that it was counsel's prerogative to decide which arguments to raise on appeal and that counsel was not constitutionally required to review potential claims with Tyler. *Tyler v. Clarke*, No. CL15-337, slip op. at 13; *see also Graybill v. Clarke*, No. 7:11-cv-00331, 2012 WL 3133691, at *26, 2012 U.S. Dist. LEXIS 106664, at *80 (W.D. Va. July 31, 2012) (holding that appellate counsel is not required to have "a meeting with [petitioner] to review potential claims for appeal . . . [or] that appellate counsel raise every potential ground for appeal, or follow [petitioner's] suggested grounds for appeal"). The court agrees with the circuit court's analysis. Tyler has not proffered clear and convincing evidence rebutting the presumption that the state court correctly credited counsel's account, counsel was not required to have a meeting with Tyler regarding potential claims, and Tyler has not connected counsel's alleged failure to any specific and probable relief. *See Landrigan*, 550 U.S. at 473-74; *Graybill*, 2012 WL 3133691, at *26, 2012 U.S. Dist. LEXIS 106664, at *80. Therefore, the state court's adjudication was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of facts, and the court will grant the motion to dismiss as to Claim B(1).

In Claim B(2), Tyler argues that appellate counsel was ineffective for failing to bring a sufficiency of the evidence claim in the Court of Appeals of Virginia challenging Tyler's conviction for discharging a firearm in a public place. Counsel's failure to raise properly the

13

claim to the Court of Appeals of Virginia waived the argument on appeal to the Supreme Court of Virginia. Tyler asserts that counsel's performance was ineffective because (1) as a trained legal professional, counsel should have raised the argument, (2) the Commonwealth had not presented any evidence at trial showing that Tyler ever possessed a firearm, (3) there was a high probability that someone else committed the crime, and (4) no one ever testified to seeing Tyler fire a gun.

On habeas review, the Culpeper County Circuit Court concluded that Claim B(2) failed to satisfy either prong of *Strickland*. At the threshold, "it was counsel's prerogative to decide which arguments to raise on appeal." *Tyler v. Clarke*, No. CL15-337, slip op. at 15 (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Smith v. Murray*, 477 U.S. 527, 536 (1986)). Further, citing the record and counsel's affidavit, the circuit court concluded that counsel's actions were proper and that filing an *Anders*[7] petition fully satisfied counsel's Sixth Amendment obligations to Tyler. *Tyler v. Clarke*, No. CL15-337, slip op. at 14.

The court agrees with the state habeas court's analysis. First, Tyler fails to demonstrate that counsel's performance was deficient. *See Jones*, 463 U.S. at 751 (holding that a professional advocate "must be allowed to decide which issues are to be pressed"); *see also Strickland*, 466 U.S. at 689 (Federal habeas courts "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."). Furthermore, the record reflects that, on November 28, 2012, counsel filed an *Anders* brief, a

---

[7] *Anders v. California* requires appellate counsel to "support his client's appeal to the best of his ability," but, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. 738, 744 (1967). To satisfy the requirements of an *Anders* brief, appellate counsel's request must "be accompanied by a brief referring to anything in the record that might arguably support an appeal," "[a] copy of counsel's brief should be furnished [to] the indigent and time allowed him to raise any points that he chooses," and then the court should perform "a full examination of all the proceedings[] to decide whether the case is wholly frivolous." *Id.* If the court determines that the case is wholly frivolous, it may grant appellate counsel's motion to withdraw and dismiss the appeal or address the merits. *Id.* "On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

motion for an extension of time on Tyler's behalf to permit Tyler to file a supplemental brief addressing the merits of his petition, and a motion to withdraw. In the order denying Tyler's appeal as "wholly frivolous" and granting counsel's motion to withdraw, the Court of Appeals of Virginia noted that a copy of the petition for appeal had been furnished to Tyler, but that Tyler had failed to file a supplemental brief despite being given sufficient extra time.[8] *Tyler v. Commonwealth*, No. 1463-12-4, slip op. at 1 (Va. Ct. App. May 10, 2013), Dkt. No. 14-3. Tyler has also not presented clear and convincing evidence to rebut the presumption that the state court correctly credited counsel's affidavit. *See Landrigan*, 550 U.S. at 473-74.

Second, Tyler has not shown that, but for counsel's actions, the outcome of the appeal would have been different. Tyler argues that counsel could have successfully challenged the sufficiency of the firearm conviction based on the Commonwealth's lack of direct evidence. However, circumstantial evidence can be sufficient for a proper conviction. *See Desert Palace, Inc.*, 539 U.S. at 100 (citing *Holland*, 348 U.S. at 140). As previously discussed, the Commonwealth produced adequate circumstantial evidence that a rational jury could have properly found Tyler guilty beyond a reasonable doubt. Therefore, the state court's decision was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of the facts, and the court will grant the motion to dismiss as to Claim B(2)

In Claim B(3), Tyler alleges that counsel was ineffective on appeal to the Supreme Court of Virginia for misstating that "the jury found [Tyler] not guilty of possession of the handgun" in the appellate brief. Pet'r's Br. 10, *Tyler v. Commonwealth*, No. 131746 (Va. May 7, 2014), Dkt. No. 14-4. Counsel's statement was inaccurate because that charge never went to the trial jury;

---

[8] Counsel's appellate brief raised sufficiency arguments for both convictions. However, because counsel failed to support the challenge to the firearm conviction with law or facts, the Court of Appeals of Virginia procedurally dismissed the claim without analysis. *Tyler v. Commonwealth*, No. 1463-12-4, slip op. at 3 (dismissing the claim because "the petition for appeal [must] contain 'the argument—including principles of law and the authorities' relating the each assignment of error") (quoting Va. Sup. Ct. R. 5A:12(c)).

instead, the grand jury refused to indict and the court *nolle prossed* the charge before trial. Tyler argues that counsel's mistake constituted ineffective assistance because it showed that counsel was "clearly not interested in defending" Tyler and "a complete lack of attention to detail." Pet'r's Resp. ¶ 13.

On habeas review, the circuit court held that "counsel's misstatement was the result of a clerical error," which did not render his performance constitutionally deficient. *Tyler v. Clarke*, No. CL15-337, slip op. at 17; *see also* (citing *Dimick v. Sec'y, Dep't of Corr.*, No. 5:07-cv-485, 2010 U.S. Dist. LEXIS 129694, at *12 (M.D. Fla. Dec. 7, 2010) (concluding that a typographical error that mistakenly attributed one witness' testimony to a different witness that did not testify at trial did not render counsel's performance deficient or prejudice the outcome of the trial). Furthermore, the state court determined that Tyler failed to demonstrate that, but for counsel's clerical error, the outcome of the appeal would have been different: "The Court sees no reason to believe that counsel's misidentification of the charge that Tyler was *acquitted of* had any effect on the Supreme Court's consideration of the merits of his petition for appeal challenging charges on which he was convicted." *Tyler v. Clarke*, No. CL15-337, slip op. at 18.

The court agrees with the state habeas court's analysis. Tyler fails to demonstrate that counsel's single typographical error constituted deficient performance because counsel otherwise correctly recounted the case's procedural history and Tyler had the opportunity to file a supplemental brief, which he failed to do. Tyler has also not shown that the outcome of the appeal would have been different. Contrary to Tyler's conclusory allegations, whether Tyler was acquitted or had the firearm possession charge *nolle prossed* before trial was irrelevant to a sufficiency of the evidence challenge to Tyler's conviction. *See Powell*, 469 U.S. at 67 ("[Sufficiency] review should be independent of the jury's determination that evidence on

another count was insufficient."). Therefore, the state court's decision was not contrary to, or an unreasonable determination of, *Strickland*, or an unreasonable determination of facts, and the court will grant the motion to dismiss as to Claim B(3)

In Claim B(4), Tyler asserts that appellate counsel was ineffective for challenging the sufficiency of the evidence on the firearm charge in his appeal to the Supreme Court of Virginia. On habeas review, the circuit court held that Tyler's claim failed to satisfy either *Strickland* prong because it was counsel's prerogative to decide which arguments to raise on appeal and the outcome of the appeal would not have been different because Claim B(4) is inconsistent with Claim B(2).[9] The court agrees with the state habeas court. First, counsel's performance was not deficient because he had the prerogative to determine which arguments to raise on appeal. *See Jones*, 463 U.S. at 751. Second, Tyler cannot show that, but for counsel's alleged error, the outcome of the proceeding would have been different. In Claim B(2), counsel was not ineffective for failing to properly raise the firearm sufficiency claim in the Court of Appeals of Virginia. The failure of Claim B(2) precludes Tyler from receiving relief on Claim B(4) because the underlying argument, that the evidence was insufficient to convict Tyler, is without merit. *See Desert Palace, Inc.*, 539 U.S. at 100 (citing *Holland*, 348 U.S. at 140) (holding that circumstantial evidence is sufficient to support a criminal conviction). Therefore, the state court's adjudication was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of the facts, and the court will grant the motion to dismiss as to Claim B(4).

---

[9] Specifically, the state court concluded that Tyler could not simultaneously allege in Claim B(2) that counsel was ineffective for failing to make the firearm sufficiency argument in the Court of Appeals of Virginia, while also contending that counsel was ineffective for actually making the argument in the Supreme Court of Virginia in Claim B(4).

17

## V. CONCLUSION

For the reasons stated, the court will grant the motion to dismiss Tyler's § 2254 petition. All claims are without merit.

An appropriate order will enter this day.

Entered: July 27, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge